# In the United States District Court for the Southern District of West Virginia
## at Charleston

| | |
|---|---|
| **Christine Blanda**<br>Plaintiff | **Civil Action No.: : 2:16-cv-00957** |
| v. | Judge |
| **Martin & Seibert, L.C.** | **JURY TRIAL DEMANDED** |
| and | |
| **Walter M. Jones, III, Esq.,**<br>**Geoffrey A. Haddad, Esq.,**<br>**Michael M. Stevens, Esq.,**<br>**E. Kay Fuller, Esq.,**<br>**Susan R. Snowden, Esq.,**<br>**and Nikki Moore Gress,**<br>**individually**<br>**Defendants** | |

## COMPLAINT

Comes now Christine Blanda and brings this civil action pursuant to 15 USC§78u-6, specifically §78u-6(h)(1)(A) i through iii, 18 U.S.C. 1513 (e) and 18 U.S.C 1514A for retaliatory discharge as an employee of an agent and/or contractor of publicly traded corporations and for common law retaliatory discharge pursuant to *Harless v. First Nat'l Bank in Fairmont,* 169 W. Va. 673 (1982) and its progeny, and for cause of action shows:

1. Christine Blanda is a resident of Martinsburg, West Virginia.

2. Defendant Martin & Seibert is a multi-office law firm with an office in Martinsburg and an office in the Southern District of West Virginia located at 300 Summers Street, Suite 600, Charleston, West Virginia 25301.

3. Defendants Walter M. Jones, III, Geoffrey A. Haddad, Esq., Michael M. Stevens, Esq., Susan R. Snowden, Esq. and E. Kay Fuller, Esq. are all practicing lawyers and shareholders of the firm of Martin & Seibert, LC. Defendant Nikki Moore Goss is Chief Operating Officer of the law firm of Martin & Seibert.

4. From 25 May 2005 until 26 January 2015 Plaintiff was an accounts receivable clerk at the Defendant law firm in Martinsburg, in which capacity she processed all of the billings of the firm including, but not limited to, those generated in the Southern District at the Defendant's office on Summers Street in Charleston.

5. On Monday, 26 January 2015, Plaintiff was fired because she: (1) had complained to her supervisor, Nikki Moore Gress, who was also the chief operating officer of the defendant law firm, about excessive and unjustified billings to publicly traded companies; and, (2) was cooperating with other professionals to bring to the attention of the FBI the mail and wire fraud being committed by Defendant in the course of its billing practices to publicly held corporations.

6. Plaintiff's annual salary at the time of her discharge was $34,216.

7. On or about 17 November 2015 the Federal Bureau of Investigation executed a field search warrant in Martinsburg to determine whether and the extent to which the Defendant had violated the mail and wire fraud statutes by billing publicly traded companies for hours that were not actually worked.

8. Plaintiff has participated in helping non-law-enforcement professionals in the investigation into the nefarious activities of Defendant since before the date of her discharge and, thereafter, cooperated with the authorities until the day of the filing of this Complaint.

9. After Plaintiff's discharge and after the execution of the FBI search warrant, Defendants continued to retaliate and threaten Plaintiff by saying to third parties, particularly current employees of the Defendant, that Defendant and others were responsible for initiating the Federal investigation and that the plan of the Defendants was " to mount a campaign to destroy them."

10. The threats made by Defendants with regard to Plaintiff specifically amounted to the threatening of a federal witness in violation of 18 USC 1514(e) and 18 U.S.C 1503 because Plaintiff Blanda is a witnesses in an ongoing federal criminal investigation.

## Damages

11. Plaintiff is entitled to the following statutory damages under Federal law:

    **Compensatory damages**: (A) reinstatement with the same seniority status that the Plaintiff would have had, but for the discrimination; (B) two times the amount of back pay, with interest until the date of reinstatement; and, (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorneys' fees 15 USCS § 78u-6; and, (D) punitive damages for violation of 18 USC 1514(e) and 18 USC 1503.

12. Pursuant to West Virginia decisional law, Plaintiff is entitled to compensation for emotional distress, annoyance, aggravation and inconvenience and is further entitled to punitive damages under State law.

## Jury Trial Demanded

Plaintiff demands a jury trial on all issues triable as a matter of right before a jury.

## Prayer

**Wherefore,** Plaintiff prays that after trial by jury, this Honorable Court award her twice her annual pay until such time as she is reinstated to her former position, all her attorneys' fees, the costs of these proceedings, all interest payable and such other and further relief, both legal and equitable, as justice and the nature of the cause may require.

                                                    Respectfully submitted,
                                                    Plaintiff by counsel

*/s/Richard Neely*
Richard Neely (W. Va. State Bar # 2709)
Michael O. Callaghan (W. VA. State Bar #5509)
Joshua R. Martin (W.Va. State Bar #10914)
**NEELY & CALLAGHAN**
159 Summers St.
Charleston, WV 25301-2134
304-343-6500 voice
304-343-6528 fax
RNeely@NeelyCallaghan.com