```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

CHRISTINE BLANDA,

    Plaintiff,

v.                                    Civil Action No. 2:16-cv-00957

MARTIN & SEIBERT, L.C.; WALTER M.
JONES, III, Esq.; GEOFFREY A.
HADDAD, Esq.; MICHAEL M.
STEVENS, Esq.; E. KAY FULLER, Esq.;
SUSAN R. SNOWDEN, Esq.; and NIKKI
MOORE GRESS, individually,

    Defendants.

## ORDER OF CERTIFICATION

The court has informed the parties of its intention to certify the central question in this case to the Supreme Court of Appeals of West Virginia pursuant to the West Virginia Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A-1, et seq., and has directed the parties to submit proposed certified questions. The parties have done so.

### I. Question of Law

After review of the questions proposed by the parties, the court adopts their substance, which is virtually the same by all parties. The court hereby certifies to the Supreme Court of

Appeals of West Virginia the following question of law pursuant to West Virginia Code § 51-1A-6(a)(1):

> Does West Virginia Code § 61-3-24 constitute a substantial public policy of the State of West Virginia that would support a cause of action for wrongful discharge in violation of public policy pursuant to Harless v. First National Bank, 162 W. Va. 116 (1978), and its progeny?

This court "acknowledge[s] that the receiving court may reformulate the question." West Virginia Code § 51-1A-6(a)(3).

## II. Statement of the Case

The parties do not accompany the question certified with a statement of facts. Pursuant to West Virginia Code § 51-1A-6(a)(2), the court recounts the following brief statement of the case from pending motions for summary judgment that contain "[t]he facts relevant to the question, showing fully the nature of the controversy out of which the question arose." See also § 51-1A-6(b) ("If the parties cannot agree upon a statement of facts, then the certifying court shall determine the relevant facts and shall state them as a part of its certification order.").

Plaintiff Christine Blanda began working for the defendant law firm Martin & Seibert, L.C. ("Martin & Seibert"), on May 25, 2005, as an accounts receivable clerk. Her duties

expanded over time, and by 2014 she was performing administrative tasks such as billing clients for the hours worked by the firm's employees and attorneys.  Blanda claims that she noticed irregularities in Martin & Seibert's billing practices that involved, <u>inter</u> <u>alia</u>, billing clients for paralegal and secretary services at the attorney's hourly rate.  She decided in 2013 that the firm was engaged in criminal activity involving billing practices that were illegal.  In 2013 and 2014, she persistently voiced to various employees, attorneys, and shareholders of the firm, including defendants Walter M. Jones, Geoffrey A. Haddad, Michael M. Stevens and Nikki Moore Gress, as well as Carole Rice, Patty LaMonica, and Lisa Dutko, her concerns about the irregularities and allegedly criminal activity.

Martin & Seibert never took formal disciplinary action against Blanda for her complaints and she did not threaten to report to an outside law enforcement agency or elsewhere.  But Blanda characterizes Martin & Seibert's actions as evincing intent to terminate her employment in retaliation.  First, in early 2014, Blanda was instructed to begin cross-training with another employee, Dutko, on how to do each other's job, but Blanda claims that it amounted to her training Dutko with no reciprocation.  Second, later in 2014, Blanda alleges that the

firm's policy encouraging employees to discuss with their supervisor any concerns was taken away from her when Gress told her that she could no longer express her concerns about Martin & Seibert's billing practices.  Third, on December 4, 2014, Blanda was issued a formal warning notice pertaining to her job performance after having met with Jones, Stevens, and Gress; Blanda asserts the claims in the notice were false.  And fourth, on January 23, 2015, Blanda noticed that Martin & Seibert had posted her job for hiring.

Immediately upon noticing the job posting, Blanda called Lisa Green, an attorney for Martin & Seibert.  Green was previously aware of alleged irregularities in the firm's billing practices and became concerned that Martin & Seibert may have been setting up Blanda to take the blame for any illegalities.  Green independently confirmed her suspicions, then immediately called an attorney, Michael Callaghan, for advice on reporting to the West Virginia State Bar and the Federal Bureau of Investigation ("FBI").  Green claims that Callaghan called the FBI that day.  Green also then directed Blanda to call Callaghan for advice.

Blanda called Callaghan and came away with the impression that Green and Callaghan at least suggested that Blanda should gather evidence to protect herself.  Green denies

4

such instruction. On January 26, 2015, Blanda emailed to her personal account 227 attachments containing raw billable hour data from Martin & Seibert's timekeeping files. The firm's monitoring system detected the emails, and the firm fired Blanda that day for allegedly violating the firm's employee handbook policy prohibiting the disclosure of confidential information, including compensation data, and subjecting violators to termination. Blanda also took paper files from the firm after she was fired. Eventually, the FBI executed a search warrant on Martin & Seibert based at least in part on the evidence provided by Blanda after her discharge, as a result of which the defendant law firm has disbanded. Later, when applying for unemployment benefits, Blanda stated that she was fired for emailing timesheets to herself in violation of firm policy, and she stated the same during deposition.

Blanda rested her primary cause of action under the federal Dodd-Frank Act's whistleblower protections. See 15 U.S.C. § 78-u-6 (2017). But that cause of action was eliminated after the Supreme Court of the United States issued its decision in Digital Realty Trust, Inc. v. Somers, wherein it is held that Dodd-Frank Act whistleblower protections apply only to those who report a violation of the federal securities laws to the Securities and Exchange Commission, which was not done in this

case.  138 S. Ct. 767, 772-73 (2018).  Now, Blanda's only apparent source of recourse, if one exists, is a common-law retaliatory discharge theory pursuant to Harless and its progeny.

The Supreme Court of Appeals has stated that, "to sustain a Harless action, an employee [1] must identify a substantial public policy [2] which is specifically implicated by the conduct which gave rise to the discharge and [3] that his or her discharge was motivated by a desire to thwart such policy."  Taylor v. W. Va. Dep't of Health & Human Res., 237 W. Va. 549, 566 (2016) (emphasis omitted) (citing Frohnapfel v. ArcelorMittal USA LLC, 235 W. Va. 165, 170 (2015); Swears v. R.M. Roach & Sons, Inc., 225 W. Va. 699, 705 (2010) (per curiam); and Birthisel v. Tri-Cities Health Servs. Corp., 188 W. Va. 371, 377-78 (1992)).  Blanda argues that a substantial public policy is embodied in West Virginia Code § 61-3-24.  The defendants counter that the decision of the Supreme Court of Appeals in Swears has already decided this issue and foreclosed Blanda's theory.

An authoritative determination respecting the question in this case will aid employers, discharged employees, and courts in identifying situations where Harless provides an alternative means of recourse when the Dodd-Frank Act's

whistleblower protections are unavailable. Accordingly, the court finds that certification is appropriate here.

### III. Counsel of Record

Pursuant to West Virginia Code § 51-1A-6(a)(4), the court provides "[t]he names and addresses of counsel of record." There are no unrepresented parties.

Plaintiff:

Richard Neely
Michael Callaghan
Joshua R. Martin
NEELY & CALLAGHAN
159 Summers Street
Charleston, WV 25301-2134

Defendants:

Richard M. Wallace
LITTLER MENDELSON
Suite 200
1085 Van Voorhis Road
Morgantown, WV 26505

David A. Jividen
JIVIDEN LAW OFFICES
729 North Main Street
Wheeling, WV 26003

Jeffrey Todd Bergstrom
LITTLER MENDELSON
Suite 1010
707 Virginia Street, East
Charleston, WV 25301

## IV. Conclusion

Based on the foregoing discussion, it is ORDERED as follows:

1. That the question stated above be certified to the Supreme Court of Appeals of West Virginia for the Supreme Court's consideration;

2. That the Clerk forward to the Supreme Court of Appeals under the official seal of this court, a copy of this order, which constitutes the Order of Certification, together with the original or copies of the record before this court to the extent requested by the Supreme Court of Appeals;

3. That the Clerk fulfill any request for all or part of the record simply upon notification from the Clerk of the Supreme Court of Appeals; and

4. That this action be, and it hereby is, stayed and the Clerk is directed to place the case on the inactive docket pending an answer to the certified question contained herein.

The Clerk is directed to transmit a copy of this Order of Certification as aforesaid and to counsel of record.

ENTER: March 26, 2019

John T. Copenhaver, Jr.
Senior United States District Judge